[Cite as *Madison v. Ohio Dept. of Transp.*, 2010-Ohio-3636.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN MADISON

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-08616-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION


{¶ 1} Plaintiff, Kevin Madison, filed this action against defendant, Department of Transportation (ODOT), alleging he suffered paint damage to his 2002 Chevrolet Blazer as a proximate cause of negligence on the part of ODOT personnel in conducting a roadway painting operation from Interstate 271 to the spur of Interstate 90 in Cuyahoga County. Plaintiff recalled the paint damage incident occurred on October 7, 2009 at approximately 8:25 p.m. In his complaint, plaintiff provided the following narrative description of his property damage event stating: "I was coming down the highway around the loop (and) saw the trucks ahead of me they had (a directional) arrow so I merged to the left to go around them. As they were spraying the highway white lines I got out of the way (but the paint) still got my truck." Plaintiff explained the paint splattered on his truck cannot be removed and consequently the vehicle needs to be repainted. Plaintiff requested damage recovery in the amount of $2,420.84, the total cost of repainting his 2002 Chevrolet Blazer. Plaintiff submitted a repair estimate dated October 22, 2009 reflecting the damage amount claimed. Plaintiff also submitted

multiple photographs of his truck depicting white paint damage on the left side of the vehicle generally confined to both front and back wheel wells and the lower portions of both front and back doors as well as the left side rear bumper. The filing fee was paid.

{¶ 2} Defendant advised plaintiff contacted ODOT on October 15, 2009 and spoke with Public Information Officer, Jocelynn Clemings, who determined from her conversation with plaintiff that the purported location of the paint damage incident "was northbound on I-271 around the spur to I-90." Defendant explained "the location of Plaintiff Madison's alleged incident could be within four construction projects since he didn't give a definite location." The four construction projects were under the control of three ODOT contractors, two projects with The Shelly Company (Shelly) and one each under the control of Karvo Paving Company (Karvo) and an entity identified as Dura Mark, Inc. (Dura Mark). Defendant submitted a copy of an e-mail from Jocelynn Clemings regarding her telephone conversation with plaintiff, who apparently told Clemings that his vehicle was sprayed with paint by a striping contractor working in the area on October 7, 2009. According to defendant's "Maintenance History" (copy submitted), no ODOT paint crews conducted painting operations in the area on October 7, 2009. Furthermore, according to information submitted by Chuck Porter of Trafftech, Inc. (Trafftech), the painting subcontractor for Shelly, no Trafftech personnel were performing painting operations within the project limits on October 6, 2009, October 7, 2009, or October 8, 2009. Additionally, evidence has shown no Karvo personnel or subcontractor conducted paint striping operations on October 7, 2009 within the construction project area under their control.

{¶ 3} Defendant supplied a copy of a letter from Mike Krenn, president of Aero-Mark, Inc. (Aero-Mark), a second painting subcontractor of Shelly concerning the painting activities of Aero-Mark on October 7, 2009. Krenn noted:

{¶ 4} "On the evening of October 7, 2009, an Aero-Mark, Inc. crew was striping the white epoxy lane lines on I-271 inside of an approved ODOT District 12 lane closure with the assistance of a LEO (police officer and car).

{¶ 5} "According to our on-board computer generated ODOT DLS report, we were not on project 1024-09 until 12:36 a.m."

{¶ 6} Krenn advised that Dura Mark personnel were performing roadway painting operations within the area of their project limits during the early evening of October 7,

2009.

{¶ 7} From the evidence presented, it appears plaintiff's vehicle received paint damage from paint applied to the roadway by a contractor, probably Dura Mark. This court has previously held that ODOT cannot be held liable for any alleged negligence on the part of a contractor in conducting painting operations on state roadways. ODOT may delegate its duty of care in situations where an independent contractor such as Dura Mark undertakes roadway painting projects. See *Henderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-11496-AD, 2004-Ohio-1839, adopting the rationale of *Gore v. Ohio Dept. of Transp.*, Franklin App. No. 02AP-996, 2003-Ohio-1648; also *Henning v. Dept. of Transp.* (2006), 2006-04369-AD. ODOT is not the proper party defendant in this action and therefore, this claim is dismissed.

 # Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

KEVIN MADISON

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

    Defendant

    Case No. 2009-08616-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's case is DISMISSED with prejudice. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Kevin Madison
1130 E. 176 Street
Cleveland, Ohio 44119

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio 43223.

RDK/laa
3/3
Filed 3/30/10
Sent to S.C. reporter 8/6/10