[Cite as *Spencer v. Ohio Dept. of Transp., Dist. 2*, 2011-Ohio-2134.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LINDA G. SPENCER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 2

     Defendant

Case No. 2010-11609-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

**{¶ 1}** Plaintiff, Linda G. Spencer, filed this action against defendant, Department of Transportation (ODOT), contending her 2004 Chrysler 300 was damaged as a proximate cause of negligence on the part of ODOT in maintaining a hazardous condition on the entrance ramp for State Route 53 from the US Route 20 by-pass in Sandusky County. Plaintiff noted her car was damaged when the vehicle struck an orange traffic control cone that had been positioned on the entrance ramp to State Route 53. Plaintiff asserted the damage-causing traffic control cone was placed on the roadway by ODOT contractor Aero-Mark, Inc.( Aero-Mark) who was involved with pavement marking (painting) activities on the day of her incident, April 21, 2010. Defendant acknowledged Aero-Mark was striping center and edge lines on US Route 20 in Sandusky County on April 21, 2010 with the work being completed by 4:15 p.m. on that date. Defendant further acknowledged Aero-Mark utilized orange traffic control cones during the painting operation to mark wet paint areas on the roadway. In her complaint, plaintiff advised that an Aero-Mark representative disputed her contention that the cone her vehicle struck was owned by Aero-Mark. Evidence has shown Aero-

Mark completed roadway painting operations by 4:15 p.m. on April 21, 2010 and plaintiff's damage incident occurred at approximately 9:45 p.m. on that same day. Plaintiff suggested the cone her car hit was accidently left behind on the roadway ramp when painting was completed. Plaintiff did not recover the traffic control cone. Plaintiff did provide photographs depicting the damage to her automobile. In her complaint, plaintiff requested damages in the amount of $500.00, her insurance coverage deductible for automotive repair costs she incurred. The filing fee was paid.

{¶ 2} Defendant explained the location plaintiff's property damage event was within the limits of a working roadway painting operation under the control of ODOT contractor, Aero-Mark. Defendant argued Aero-Mark, by contractual agreement, was "responsible for any occurrences or mishaps in the area in which they are working." Therefore, defendant contended Aero-Mark and not ODOT is the proper party defendant in this action.

{¶ 3} Alternatively, defendant related that neither ODOT nor Aero-Mark "had notice of the construction barrel on US 20 prior to plaintiff's incident." Defendant contended plaintiff did not provide any evidence to establish the length of time the damage-causing traffic control cone was displaced on the roadway prior to 9:45 p.m. on April 21, 2010.

{¶ 4} Defendant submitted a letter from Aero-Mark President, Mike Krenn, who acknowledged Aero-Mark crews were using traffic control cones when conducting paint striping operations on US Route 20 on April 21, 2010. Krenn noted the paint crews "were using traffic cones to protect the wet paint until dry (usually 3-5 minutes), at which time the cones were picked up to be used again." Krenn pointed out painting was done in accordance with ODOT specifications and all operations on US Route 20 on April 21, 2010 were completed by 4:15 p.m. Krenn expressed the opinion that the damage-causing cone plaintiff's Chrysler 300 struck was not owned by Aero-Mark.

{¶ 5} Plaintiff filed a response insisting the traffic control cone that damaged her Chrysler 300 was owned by Aero-Mark and left behind after painting had been completed. Plaintiff did not submit any evidence to show defendant had either actual or constructive notice of the particular traffic control cone left on the roadway.

{¶ 6} From evidence available and plaintiff's own assertions, it appears plaintiff's vehicle was damaged by a traffic control cone used in painting operations by

ODOT contractor, Aero-Mark. This court has previously held that ODOT cannot be held liable for any alleged negligence on the part of a contractor in conducting painting operations on state roadways. ODOT may delegate its duty of care in situations where an independent contractor such as Aero-Mark, Inc. undertakes roadway painting operations. See *Henderson v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2003-11496-AD, 2004-Ohio-1839, adopting the rationale of *Gore v. Ohio Dept. of Transp.*, Franklin App. No. 02AP-996, 2003-Ohio-1648; also *Henning v. Dept. of Transp.* (2006), 2006-04369-AD; *Treadway v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-08811-AD, 2010-Ohio-3637; *Madison v. Ohio Dept. of Transp.*, Ct. of Cl. No. 2009-08616-AD, 2010-Ohio-3636. ODOT is not the proper party defendant in this action and therefore, this claim is dismissed.

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LINDA G. SPENCER

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 2

Defendant

Case No. 2010-11609-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, plaintiff's case is DISMISSED. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Linda G. Spencer
108 Mechanic Street
Clyde, Ohio  43410

Jerry Wray, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
2/2
Filed 2/8/11
Sent to S.C. reporter 4/29/11